UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LATANYA WILLIAMS, MAYRA MONTES, KENNETH BRYANT and INGRID MANZANO, on behalf of herself and those similarly situated**

    Plaintiffs,

v.                                                                                          Case No: 5:12-CV-267-Oc-10PRL

**MARIO BLANC, LLC**

    Defendant.

### ORDER

This matter is before the Court on Defendant's Motion to Set Aside Default (Doc. 15) filed October 4, 2012 (Doc. 17). Pursuant to Federal Rule of Civil Procedure 55(c), Defendant, Mario Blanc, LLC a.k.a. LBS Tax Services, LLC requests the Court to set aside the default entered by the Clerk in this case on July 12, 2012.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990).

Defendant was served with a copy of the Complaint and Summons on June 4, 2012. (Doc. 6). On July 11, 2012, Plaintiff filed her Motion for Clerk's Default. (Doc. 7). On July 12, 2012, the Clerk entered default against Mario Blanc, LLC a.k.a LBS Tax Services, LLC. (Doc. 8). Defendant then filed the instant motion (Doc. 15) and supporting Affidavit of Mario Blanc.

(Doc. 17). In his Affidavit, Blanc avers that Plaintiff has never been an employee of Mario Blanc, LLC; that he has previously received summonses for lawsuits against his company mistaking it for another LBS Tax Service in another city; that upon being served with the Summons and Complaint in this case, he contacted Plaintiff's counsel and advised that his company was improperly served; and that he thought the matter had been resolved until he received the Entry of Default, at which point his counsel promptly moved to set aside the default. In response, Plaintiff advises that she has no objection to Defendant's Motion. (Doc. 19). She further states that she will amend the complaint in this matter to reflect the correct corporate identity should Defendant's assertions be found to be correct.

Under these circumstances, Defendant has shown the requisite good cause to set aside the default. Defendant timely moved to set aside the default, there is no suggestion of willfulness in the delay in serving the responsive pleading, there is a meritorious defense, and most importantly, Plaintiff has no objection to Defendant's motion.

Accordingly, Defendant's Motion to Set Aside Default (Doc. 15) is **GRANTED** and the Clerk's default entered against Mario Blanc, LLC a.k.a LBS Tax Services, LLC on July 12, 2012 (Doc. 8) is hereby **SET ASIDE**. Within **ten (10) days** of this Order, Defendant shall serve and file its response to Plaintiff's Complaint (Doc. 1).

**DONE** and **ORDERED** in Ocala, Florida on November 13, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties